UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VERON CHRIS BAILEY                                    CIVIL ACTION

VERSUS                                                NUMBER: 17-1131

LEON JAMES, ET AL.                                    SECTION: "N"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Veron Chris Bailey, against Defendants, Deputies Leon James, Roland Kindell, and Nicholas Arabie of the Jefferson Parish Sheriff's Office ("JPSO"), and the JPSO itself. (Rec. doc. 9, pp. 1-4).

Plaintiff is an inmate of the Jefferson Parish Correctional Center ("JPCC") who was arrested on unidentified charges on October 27, 2016. (Rec. doc. 9, pp. 2-3). Liberally construing his complaint, Plaintiff alleges that his vehicle was illegally searched, presumably at the time of his arrest, and that all of the windows on the car were broken out. (*Id.* at p. 4). Contrary to the apparent position taken by law enforcement officials, Plaintiff denies that the vehicle was purchased with money generated from drug sales but was instead acquired with insurance proceeds paid by State Farm after Plaintiff's previous automobile was involved in an accident and was deemed to be a total loss. (*Id.*). Plaintiff seeks the dismissal of the criminal charges pending against him and his release from custody or $900,000.00 in compensation for the damages to this vehicle and for his alleged unlawful incarceration. (*Id.* at p. 5.).

Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 8). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim

alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). *See also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As noted above, the Defendants in this matter are three deputies of the JPSO and the JPSO itself. With respect to the latter Defendant, in Louisiana a "… sheriff's office is not a legal entity [that is] capable of being sued." *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel v. St. Tammany Parish Jail*, 167 F.Supp. 2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988). In light these authorities, Plaintiff's claims against the JPSO should be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

As for the three individually-named Defendants, the Court recalls the well-established principle that in order to successfully plead a cause of action in a civil-rights case, a plaintiff must articulate a set of facts that illustrates each defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Here, although Plaintiff names Deputies James, Kindell, and Abadie as Defendants to this suit, the "statement of claim" portion of his §1983 complaint fails to provide the required detail regarding each of those Defendants' personal involvement in the matters complained of, an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Be that as it may, to the extent that Plaintiff's complaint can be read as alleging that his present confinement is unlawful as a result of an illegal search that was conducted by one or more of

the individual Defendants, he presents a claim sounding in the nature of *habeas corpus* which must first be pursued on those grounds, but only after Plaintiff has exhausted available state-court remedies with respect to the allegations. *Segue v. District Attorney's Office*, No. 14-CV-1918, 2014 WL 4930481 at *3 (E.D. La. Oct. 1, 2014)(citing *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). Even then, no §1983 cause of action respecting such allegations comes to fruition unless and until the charges against Plaintiff are dismissed or his eventual conviction is declared invalid by a state or federal tribunal authorized to make such a determination. *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)). Otherwise, to the extent that Plaintiff's complaint can be read as alleging that one or more of the individual Defendants are liable to him under §1983 for destroying his car windows, deprivation of property by a state actor, whether done negligently, *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986), or intentionally, *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3104 (1984), is not actionable under §1983 when an adequate state-law remedy exists. *See also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Hines v. Booth*, 841 F.2d 623, 624 (5th Cir. 1988). Louisiana law provides such a remedy. *See* LSA-C.C. Art. 2315.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this 12th day of April, 2017.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.